IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JUSTIN COLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-CV-00116-H-BU |
| VANESSA FANG, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Justin Collins initiated this civil action against Defendants Vanessa Fang, Elyssa O Slutzky, and Javier E Ortiz on March 16, 2026. Dkt. No. 1. The case was referred to the undersigned under Special Order No. 3-251 and Collins has not consented to the undersigned exercising this Court's full jurisdiction. Before this Court is Collins's Motion for Leave to Proceed in forma pauperis. Dkt. No. 4. For reasons discussed below, the undersigned finds Collins's claims are duplicative and malicious; the undersigned therefore RECOMMENDS that this civil action be DISMISSED with prejudice and Collins's Motion to Proceed IFP, Dkt. No. 4, be DENIED as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Justin Collins filed a three-sentence complaint against Defendants Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz ("Defendants") on March 16, 2026. Dkt. No. 1. Specifically, the Complaint alleges in full, as follows:

1. Defendants delayed the ruling,

1

2. This case is brought on diversity,

3. Plaintiff demands damages over $75,000.

*Id*. at 1. Plaintiff provides a mailing address in Honolulu, Hawaii, although the envelope in which the complaint arrived bears a New York City postmark. *Id*. at 2.

The undersigned takes judicial notice that the foregoing allegations in Plaintiff's Complaint and the parties involved are *identical* to other complaints filed by this same Plaintiff during the same time frame in a large number of U.S. District Courts, as set forth in the following chart, infra:

| Date Filed | Case Style | Case No. | U.S. Dist. Ct. |
|---|---|---|---|
| 3/11/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-11199 | D. Mass. |
| 3/11/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 8:26-cv-1058 | D. Md. |
| 3/12/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 3:26-cv-196 | W.D.N.C. |
| 3/12/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-152 | D.R.I. |
| 3/12/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-36 | W.D. Va. |
| 3/13/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 2:26-cv-197 | S.D.W.V. |
| 3/13/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-250 | M.D.N.C. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-132 | N.D. Ind. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-849 | W.D. Mich. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 4:26-cv-287 | E.D. Ark |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-1101 | C.D. Ill. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-506 | S.D. Ind. |

| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-38 | W.D. Ky. |
|---|---|---|---|
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 2:26-cv-585 | E.D. La. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-830 | W.D. La. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 4:26-cv-372 | E.D. Mo. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 3:26-cv-53 | N.D. Miss. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-209 | D.N.H. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-98 | E.D. TX. |
| 3/16/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-116 | N.D. TX. |
| 3/17/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 4:26-cv-23 | W.D. TX. |
| 3/17/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 2:26-cv-51 | E.D. Tenn. |
| 3/17/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 3:26-cv-313 | M.D. Tenn. |
| 3/17/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 2:26-cv-261 | E.D. VA. |
| 3/18/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 3:26-cv-296 | M.D. La. |
| 3/19/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 3:26-cv-236 | W.D. Wis. |
| 3/24/2026 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 6:26-cv-1266 | D.S.C. |

While it is wholly unclear from the record who the named Defendants are or their role in the purported events giving rise to this civil action, the undersigned takes judicial notice that Defendant Vanessa Fang was appointed as a Judge of the Housing Court, Civil Court of the City of New York, New York County, New York, in 2021; Defendant Elyssa O. Slutzky was appointed as a Judge of the New York City Civil Court, Housing Court,

3

Kings County, New York, in 2024; and Javier E. Ortiz was appointed as a Judge of the Civil Court of the City of New York, Brooklyn Civil Part, Brooklyn, Kings County, New York, in 2024.

Another U.S. District Court has already dismissed Plaintiff's identical complaint sua sponte. *See Collins v. Fang*, 1:26-cv-152 (D.R.I. Mar. 13, 2026). In that case, District Judge Melissa R. DuBose entered a text order stating as follows, in full:

> This plaintiff, who purports to be a resident of Honolulu, HI, contends that the three named defendants, who are not identified in any way beyond their names, "delayed the ruling." That is the sum total of information about the case offered and no federal question is identified. While the plaintiff claims diversity jurisdiction, he does not disclose the addresses (or states of residence) of the defendants, and his own address is not recognized by the United States Postal Service as a legitimate address. The plaintiff bears the burden of showing jurisdiction, and here there has been no real effort to do so. Smith v. Roger Williams Univ. Law Sch., No. 1:21-cv-133-PJB-AKJ, 2023 WL 3303866, *1 (D.R.I. May 8, 2023). While the Court would ordinarily extend an opportunity to amend, in this case it does not: there are too many defects and it is evident to the Court that this is a "ghost" complaint, not brought by a real person who suffered a real injury as a result of a real violation of federal or any other law. The case is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) and the In Forma Pauperis Motion (ECF No. 2) is DENIED as moot.

*Id*.

The undersigned further takes judicial notice that this case is strikingly similar to another civil action recently adjudicated by this Court, *see* Mills v. Bluth, 1:26-cv-077, at Dkt. No. 1 (N.D. Tex. Feb. 20, 2026). That case involved a similar "shotgun" filing of a barebones complaint across numerous U.S. District Courts vaguely naming New York state judges as defendants. There thus appears to be an emerging pattern of what District Judge DuBose terms "ghost" complaints emerging from an unnamed source in New York.

## II.  LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires that Collins plead: (1) a short and plain statement of this Court's jurisdiction; (2) a short, plain statement of Collins's claim; and (3) a statement of what Collins wants this Court to provide him in relief. *See* FED. R. CIV. P. 8(a).

Under 28 U.S.C. § 1915(e), a court shall dismiss a case at any time if the court determines that: (1) the allegation of poverty is untrue, or (2) the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

## III.  ANALYSIS

First, dismissal is proper because Plaintiff has identified no basis for this Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Second, none of the parties appear to have any connection to the Northern District of Texas or the Abilene division, suggesting that venue is improper in this Court. *See* 28 U.S.C. § 1391(b). Third, Collins has filed identical barebones claims in multiple other courts—27 to be exact—rendering his suit duplicative. A plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed as malicious under 28 U.S.C. § 1915. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Fourth, Collins's pleadings do not comply with Rule 8(a) and are so barebones that they fail to state a claim on which relief may be granted; rendering dismissal under 28 U.S.C. § 1915(e) proper. Fifth, dismissal under 28 U.S.C. § 1915(e) is also proper because the Defendants have judicial immunity and therefore, he seeks $75,000 from

5

Defendants who are immune from suit. *See* Mireles v. Waco, 502 U.S. 9, 12 (1991).

It is therefore appropriate to dismiss his claims under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

## IV. CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS this case WITH PREJUDICE as duplicative and malicious and DENY Collins's IFP Motion, Dkt. No. 4, as moot. Additionally, considering his recent filing spree, Collins should be WARNED that if he persists in filing frivolous or baseless actions, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions and bar him from filing any future lawsuits. *See* FED. R. CIV. P. 11(b)(2), (c)(1).

## V. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 27th day of March 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE